348

James T. CRESCI, Petitioner,

v.

Wilbur SCHMIDT, Secretary for the Department of Health & Social Services for the State of Wisconsin, Respondent.

No. 75-C-32.

United States District Court,
E. D. Wisconsin.

Nov. 25, 1975.

Charles Bennett Vetzner, Madison, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., and Charles R. Larsen, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION

REYNOLDS, Chief Judge.

Before the court is a petition for issuance of a writ of habeas corpus, filed by James T. Cresci, an inmate of the Wisconsin State Prison, Waupun, Wisconsin. The petition challenges the validity of a parole revocation which occurred in August of 1971. Petitioner asserts that he was denied the assistance of retained counsel at the parole revocation hearing, and that the decision to revoke parole was arbitrary and capricious.

In his return, respondent alleges that the matters raised by the petition are moot as a result of certain subsequent events. On August 22, 1975, the court requested additional briefs directed to the mootness question. For the reasons hereinafter stated, the court has concluded that the present action is not moot.

The nature of the problem is suggested by a restatement of the relevant facts. The petitioner was convicted of two counts of armed robbery on August 4, 1965. On each count he was sentenced to an indeterminate term of not more than ten years, such sentences to be served concurrently. The petitioner was released on mandatory release parole on December 22, 1970. On August 18, 1971, petitioner's mandatory release parole was revoked. This revocation is challenged by the petitioner in the present proceeding.

The petitioner was again released on parole less than a year later, on July 3,

1972. On January 17, 1973, petitioner was convicted of robbery and sentenced to an indeterminate term of not more than ten years, said sentence to run concurrent with the service of his previous sentence if parole on that sentence was revoked. The parole from the first sentences received by the petitioner on July 3, 1972 was subsequently revoked on March 7, 1973.

■■■ The respondent asserts that the validity of the parole revocation of August 18, 1971 is no longer subject to habeas corpus review. Respondent's position is that those matters are mooted by the second parole from the first sentences and the separate sentence received by the petitioner upon conviction for a second offense. That position, however, is not sustainable upon the facts of this case.

We are here concerned with the revocation of a petitioner's mandatory release parole. Under an administrative interpretation of § 53.11(7), Wis.Stats., an inmate who is out on a mandatory release parole is not given credit for the time spent on parole if his parole is revoked and he is returned to prison. If the time spent on parole is not counted as service of sentence, the inmate returns to prison with a new maximum discharge date. For example, if an offender receives a ten-year sentence in 1970, his maximum discharge date will be in 1980. If, however, the prisoner receives a mandatory release parole, which is subsequently revoked, the maximum discharge date will be extended by a term equal to the time the prisoner was on parole. In the example given, the revocation of a mandatory release parole after a two-year period would result in the inmate facing a maximum discharge date of 1982 upon his return to prison.

The respondent agrees that the parole revocation in question had the effect of extending the maximum discharge date on petitioner's 1965 sentences, but contends that this extension is without effect, given the subsequently imposed concurrent sentence which overlaps and extends beyond the previous sentences. With reference to the example previously discussed, the respondent claims that an extension of the maximum discharge date on the first sentence to 1982 is meaningless if the prisoner receives a second ten-year sentence in 1980, on which the maximum discharge date falls in 1990.

The law is that a prisoner may validly attack the lesser of two concurrent sentences, even though no actual diminution of sentence will result. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707 (1969). The respondent, however, argues that *Benton* is not controlling in that it involved a criminal sentence, whereas the instant case merely involves a parole revocation. The *Benton* decision rested upon a determination that the adverse collateral effects of a criminal conviction give a case an "adversary cast" and make it justiciable. Respondent argues that the serious collateral consequences which attach to a criminal conviction, *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), are not present in the case of a parole revocation. In a similar manner, respondent asserts that the parole revocation here at issue is distinguishable from the subject matter of *Scarpelli v. Gagnon,* 317 F.Supp. 72 (E. D.Wis.1970), aff'd *sub nom. Gonsolus v. Gagnon,* 454 F.2d 416, (7th Cir. 1971), aff'd. in part, rev'd in part and remanded (on other grounds) *sub nom. Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), where this court observed that "[t]he possible adverse effects of the petitioner's probation revocation are sufficiently important 'collateral consequences' to save the petition from mootness * * *." 317 F.Supp. 72, 74.

The court finds respondent's arguments unpersuasive. Although a parole revocation is distinguishable from either a criminal conviction or a probation revocation, adverse collateral consequences flow from each. A conviction first

marks one as a criminal and creates the possibility of imprisonment. Revocation of probation results in the imprisonment of one previously convicted but unconfined. Parole revocation, it can be argued, merely returns to prison one who has previously been both convicted *and* confined. While the *seriousness* of the consequences flowing from these events may well be different, this court concludes that adverse consequences nevertheless *exist* in each case.

Respondent admits the possibility that a parole board considering a future application for discretionary parole, or a court passing sentence following a possible future conviction, might give some consideration to the revocation in question. Having admitted that possibility, respondent seeks to discount such possibilities as "purely speculative." But some of the adverse collateral consequences which save criminal convictions and probation revocations from mootness are no less speculative. "Petitioner might some day * * * have both his * * * convictions counted against him. Although this possibility may well be a remote one, it is enough to give this case an adversary cast and make it justiciable." *Benton v. Maryland,* 395 U.S. 784, 790–791, 89 S.Ct. 2056, 2060, 23 L.Ed.2d 707 (1969).

The court does not believe that the recent decision in *Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975), dictates a different result. In that case, the Supreme Court held that a question as to the validity of a prisoner's transfer from a medium security to a maximum security prison was mooted by the prisoner's return to the medium security prison, a later transfer to a minimum security prison, and the prisoner's imminent eligibility for parole. While the Court indicated the the possibility of the prisoner "suffering consequences as a result of the * * * transfer [was] remote and speculative," id. at 402, 95 S.Ct. at 2335, the transfer there involved was not for disciplinary reasons, the prisoner not having been charged with a violation of regulations or other misconduct. In contrast, the parole revocation here in question was based upon the petitioner's violation of the conditions of his parole and thus carries with it the stigma of wrongdoing.

The court concludes that the adverse consequences attaching to a parole revocation bring such a revocation within the rule of *Benton v. Maryland, supra,* and accordingly holds that the petition for issuance of the writ of habeas corpus presently before the court is not moot.