**Roger Lee PANKO, Petitioner,**

v.

**Lewis McCAULEY, Superintendent of the Taycheedah Correctional Institution, Respondent.**

**Civ. A. No. 78–C–311.**

United States District Court,
E. D. Wisconsin.

July 31, 1979.

Howard B. Eisenberg, State Public Defender, and Jack E. Schairer, Asst. State Public Defender, Madison, Wis., for petitioner.

Edward S. Marion, Asst. Atty. Gen., Madison, Wis., for respondent.

REYNOLDS, Chief Judge.

This is an action challenging the revocation on April 23, 1976, of petitioner Robert Lee Panko's parole. The matter is presently before the court on the petitioner's petition for a writ of habeas corpus. This court has jurisdiction under 28 U.S.C. § 2254. For the reasons hereinafter stated, the petition will be granted.

On July 14, 1974, the petitioner was released on parole after serving two years and nine months of a seven-year sentence. Two special conditions of Panko's parole were that he not drink or enter any drink-

ing establishments. These two special conditions were lifted when Agent Dennis M. Schuchardt became Panko's parole agent in November 1974. Panko later signed an amended parole agreement on February 11, 1975, after being involved in two incidents in taverns, which prohibited Panko from "frequenting" taverns. Almost a year later on the night of February 17, 1976, the petitioner, his wife, and several friends visited two taverns while celebrating Panko's birthday. Panko was accused of committing a theft in one of these taverns that evening but was later acquitted of the charge. While Panko was in jail for the alleged theft, Agent Schuchardt questioned the petitioner and discovered that Panko had been in the taverns. Agent Schuchardt, along with his superior officer, moved to have petitioner's parole revoked in an administrative hearing on April 2, 1976. The examiner revoked Panko's parole on April 23, 1976. This decision was upheld both by the Circuit Court for Outagamie County and by the Wisconsin Supreme Court, which adopted the Circuit Court's opinion, in a per curiam opinion.

The first issue presented is whether the petition is moot because the petitioner was released from institutional confinement on May 16, 1978. The Court finds that it is not. The United States Supreme Court in *Carafas v. LaVallee, Warden,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), held that federal jurisdiction under 28 U.S.C. § 2254 is not defeated in a district court once it has attached merely because the petitioner is no longer incarcerated. This Court has also held on two occasions that a writ of habeas corpus is not rendered moot by the prisoner's release from prison so long as the petition was filed while the petitioner was incarcerated and there are still possible adverse collateral consequences. *Burbey v. Burke,* 295 F.Supp. 1045 (E.D.Wis. 1969), and *Cresci v. Schmidt,* 403 F.Supp. 348 (E.D.Wis.1975).

In the present case, the writ was filed while the petitioner was still incarcerated, and as stated in *Cresci,* supra, parole revocation could have adverse future consequences. As stated by the Seventh Circuit in *Hahn v. Burke,* 430 F.2d 100, 102 (7th Cir. 1970):

"As to mootness, although petitioner is not presently serving his challenged Wisconsin sentence, this appeal is not moot. The probation revocation affixes a permanent blemish to petitioner's record. If petitioner ever has future difficulties with the law in Wisconsin, the judge could take into account the fact that petitioner's probationary status was at one time revoked. * * * Therefore, there are collateral consequences in allowing petitioner's Wisconsin burglary conviction and parole revocation to remain on his record. (Citations omitted.)"

Although *Hahn,* supra, concerns a probation revocation, its rationale is equally applicable to parole revocations.

Respondent also contends the "petitioner has failed to exhaust his state remedies * * * in that he did not argue that the condition that he not 'frequent' taverns was unconstitutionally vague to the Wisconsin Supreme Court." (Respondent's return to petition for writ of habeas corpus, filed June 8, 1978, at page 2.) The Wisconsin Supreme Court, however, explicitly addressed this issue in its per curiam opinion: " 'The petitioner next argues that the prohibition against "frequenting establishments whose primary function is dispensing alcoholic beverages" is unconstitutionally vague. * * * ' " *State ex rel. Panko v. Carballo,* No. 76–525 (unpublished opinion, filed March 17, 1978, at page 4.)

This Court does not find that the condition forbidding the petitioner to "frequent" establishments which sell alcoholic beverages is unconstitutionally vague per se; however, it finds that the condition was unconstitutionally vague as applied.

*Connally v. General Construction Company,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), enunciates the general rule as to when a rule will be held unconstitutionally vague by stating that men of common intelligence must know the law's meaning without having to guess at it. According to Webster's Third International Dictionary,

the term "frequent" means to associate with, be in, or resort to often or habitually. In the present case, the state courts held the petitioner had broken the condition against "frequenting" taverns by patronizing two taverns on February 17, 1976, with his wife and friends to celebrate his birthday. There is no indication in the record that petitioner had gone into a tavern on any other occasion since the condition had been imposed a year earlier. Thus, if "frequent" is given its common meaning, this one incident does not constitute "frequenting" taverns. The real question, however, as indicated by the state trial court, is whether or not the parolee understood the condition. The state trial court found that "[a] history of the restrictions upon the petitioner clearly disclose that he [Panko] understood the terms of restriction. * * '" Decision of Circuit Judge Gordon Myse, as quoted in *State ex rel. Panko v. Carballo*, supra, at page 4.

Contrary to respondent's contention, a federal district judge, in deciding a petition for a writ of habeas corpus, may make an independent review of the facts, particularly where questions of ultimate fact are involved. *United States ex rel. Rutherford v. Deegan*, 406 F.2d 217 (2d Cir. 1969); *Linden v. Dickson*, 287 F.2d 55 (9th Cir. 1961); *United States ex rel. Goins v. Sigler*, 162 F.Supp. 256 (E.D.La.1958). After reviewing the entire record of this case, the Court cannot find any evidence that the petitioner understood that the term "frequent" really meant "enter." First, the circuit court fails to cite any evidence substantiating its assertion that Panko understood the term. Secondly, when Panko was first paroled, one special parole condition was that he did not drink or *enter* taverns. This condition was dropped when Agent Schuchardt became petitioner's parole supervisor. Later, the condition in question was imposed after the petitioner was involved in several tavern incidents. However, rather than reinstating petitioner's previous condition, the agent made Panko agree not to "frequent" taverns. Agent Schuchardt admitted under oath that he had not explained what he meant by the term "frequent" to the petitioner.

In *United States v. Albanese*, 554 F.2d 543 (2d Cir. 1977), the Court recognized that where two words have different meanings on their face, a condition of probation which uses one word where the meaning of the other is intended may be susceptible to attack. The terms "frequent" and "enter" clearly have two different meanings. While one prohibition completely excludes, the other only prevents going somewhere habitually. As a result of the change in parole conditions and Agent Schuchardt's failure to indicate to the parolee what Schuchardt meant by the term "frequent," the petitioner had a right to assume the term "frequent" in his parole condition had its normal connotations. To hold otherwise would render the condition unconstitutionally vague.

Because of the above, it is unnecessary for this Court to address petitioner's second argument that petitioner was denied due process by the Department's failure to consider meaningful alternative treatment for his alcoholic problems.

For the foregoing reasons,

IT IS ORDERED that the petition of Roger Lee Panko for a writ of habeas corpus is granted.

IT IS FURTHER ORDERED that all of petitioner's records be expunged of any reference to his April 23, 1976, parole revocation.