DENNIS W. BROWN, petitioner. July 15, 1985. *Evidence,* Admissions and confessions. *Practice, Criminal,* Revocation of probation.

The defendant,[1] Dennis W. Brown, was convicted by a jury in the Central Northern Essex Division of the District Court of possession of a controlled substance with intent to distribute. He was sentenced to one year in a house of correction (thirty days to be served) and was placed on two years' probation. This appeal arises out of the revocation of his probation by a District Court judge. The defendant claims that his due process rights were violated by various deficiencies in the revocation proceedings and by the judge's erroneous admission of and reliance upon uncorroborated hearsay.

---

[1] Although Brown is the petitioner in this proceeding, for the sake of consistency with prior proceedings we refer to him as the defendant.

The revocation proceedings were initiated by a "Notice of Surrender," served on December 9, 1981, which alleged that the defendant had violated the terms of his probation by continued involvement in "drug trafficking." At the hearing, police officers testified to admissions made by the defendant which indicated that he was engaged in drug trafficking. They also introduced hearsay statements, originating from named and unnamed informants, which also implicated the defendant in drug dealing. The judge revoked the defendant's probation. The defendant then filed a petition in Superior Court for habeas corpus relief which was transferred here pursuant to G. L. c. 211, § 4A (1984 ed.). A single justice of this court upheld the revocation of the defendant's probation and that judgment is now before us on appeal.

As to the defendant's principal claim, the single justice concluded that the judge "was warranted in relying on [the defendant's] admissions in making his findings." However, he determined that "[t]he overwhelming bulk of the hearsay introduced did not carry with it any indicia of reliability. . . . [S]tanding alone, the hearsay statements of disclosed (and undisclosed) informants would not justify the order revoking the defendant's probation." We agree with both conclusions. According to the single justice, the hearing judge "appear[ed] to have regarded Brown's uncontroverted admissions as most significant." Therefore the single justice decided against remanding for the judge's consideration "whether the evidence apart from the hearsay statements attributed to informants would lead the judge to the same conclusion that he reached previously." We cannot agree with this conclusion of the single justice. The only language of the District Court judge which in any way relates to the issue of what evidence he relied on was: "I find as a fact that the Commonwealth has sustained its burden of establishing by a fair preponderance of the evidence that the defendant has continued to traffic in drugs in Essex County while still on probation." Thus it is not apparent to us from the judge's findings that he relied solely on the defendant's admissions in reaching his decision. Cf. *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 254 (1980) (where the jury may have relied on erroneous instruction, court cannot assume harmless error and case remanded for new trial); *Commonwealth* v. *Goulet*, 374 Mass. 404, 412 (1978) (possibility that jury gave weight to judge's prejudicial remarks required reversal). While we too conclude that the defendant's admissions provide sufficient evidence to warrant a revocation of the defendant's probation, we remand this issue for determination by the hearing judge, who is responsible for determining the weight and credibility of the evidence.

In light of the foregoing conclusions, we need not address the defendant's arguments concerning notice and other procedural deficiencies as to the hearing. A judgment is to enter in the Supreme Judicial Court for the county of Suffolk setting aside the revocation of the defendant's probation. The hearing judge in the District Court is to render a new decision based solely upon the evidence apart from the hearsay statements.

*So ordered.*

*Joseph J. Balliro* (*Stephen P. Colella* with him) for Dennis W. Brown.
*Michael W. Dingle*, Assistant Attorney General, for the Sheriff of Essex County.