COMMONWEALTH vs. DENNIS W. BROWN.

Essex.  January 9, 1987. — March 6, 1987.

Present: DREBEN, KAPLAN, & WARNER, JJ.

Practice, Criminal, Moot case, Probation.  Due Process of Law, Probation revocation.  Moot Question.

This court considered the contentions of a defendant whose sentence had been completed before the docketing of his appeal from an order revoking his probation. [614-615]

Evidence at a probation revocation hearing, including the defendant's proved admissions, warranted the judge in revoking the defendant's probation. [615]

In a probation revocation proceeding, there was no violation of the defendant's due process rights either in the notice or in the hearing procedures afforded him. [615-617]

PROCEEDING for revocation of probation, commenced in the Newburyport Division of the District Court Department on December 23, 1981.

Pursuant to the order of the Supreme Judicial Court in Brown, petitioner, 395 Mass. 1006 (1985), a rehearing was had before James J. O'Leary, J.

Juliane Balliro for the defendant.

Robert J. Bender, Assistant District Attorney, for the Commonwealth.

KAPLAN, J. On April 24, 1980, the defendant, Dennis W. Brown, was found guilty by a jury of six in the Haverhill District Court of the crime of possession of a class D controlled substance (marihuana) with intent to distribute (G. L. c. 94C, § 32C) and sentenced to a term of one year in a house of correction, thirty days to be served, balance suspended, two years' probation. On December 9, 1981, the defendant, then on probation, was served with a notice to surrender alleging as violations of probation "Probable continued criminal be-

havior to wit — Drug Trafficking," "Continued scheme over various dates," "County of Essex and other locals [*sic*]."[1]

Revocation hearings before a judge in Newburyport District Court commenced on December 23, 1981, and continued on January 7, January 21, and February 18, 1982. The judge denied sundry defense motions, including motions to dismiss, and on February 18, 1982, he ordered the defendant's probation to be revoked. On February 25, 1982, he filed findings of fact and conclusions of law in which (among other things) he summarized and analyzed the evidence on both sides.

The defendant attempted to attack the order of revocation by filing a notice of appeal in Newburyport District Court, a petition for habeas corpus in Superior Court, and a motion under Mass.R.Crim.P. 30(*a*), 378 Mass. 900 (1979), in Haverhill District Court. A judge of the Superior Court reported to the Supreme Judicial Court the question whether the habeas corpus petition was a proper means of seeking review of the revocation order. At that stage, a single justice of the Supreme Judicial Court assumed jurisdiction to review the matter, in effect coalescing and superseding the other attempted procedures. On May 13, 1982, the single justice, pending decision, released the defendant on his own recognizance.

On September 13, 1984, the single justice affirmed the order revoking probation. He filed a comprehensive memorandum stating that the defendant's objections to the conduct of the revocation proceedings were without merit and confirming that the Commonwealth had established the alleged violation of the terms of probation. While discounting the hearsay material that had been adduced, he said the revocation order was supported by the defendant's proved admissions. From this decision the defendant took his appeal to the full bench of the Supreme Judicial Court. That court on July 15, 1985, by rescript (*Brown, petitioner,* 395 Mass. 1006), set aside the revocation order and directed the hearing judge in District Court "to render a new decision based solely upon the evidence apart

[1] Among the "standard" conditions of the defendant's probation was: "You must obey local, state or federal criminal laws or court order."

from the hearsay statements." This went on the ground that it was not evident from the findings in District Court that the judge would have held for the Commonwealth on the basis of the admissions alone and on this point it was desirable to have the view of the judge who presided at the revocation hearings. The court said: "While we too conclude that the defendant's admissions provide sufficient evidence to warrant a revocation of the defendant's probation, we remand this issue for determination by the hearing judge, who is responsible for determining the weight and credibility of the evidence."

Upon rehearing, the judge in District Court reexamined and reassessed the record made at the hearings and concluded that the evidence to which he was now confined supported the revocation. On October 2, 1985, it was so adjudged, and the defendant was ordered committed to serve the balance of his sentence. The defendant appealed to this court. A single justice of this court on November 1, 1985, declined to stay execution of the sentence. On January 13, 1986, the defendant was released from the Lawrence house of correction on parole and on May 23, 1986, he was discharged from parole on the sentence imposed on April 24, 1980.

1. As the defendant has completed his sentence — this occurred before the present appeal was docketed — the Commonwealth contends that the appeal is moot and should be dismissed. *Lane* v. *Williams,* 455 U.S. 624 (1982) (6-3 decision), is cited. The State prisoners in those Federal habeas proceedings had had their paroles revoked for violations of conditions of parole (which in many ways may be assimilated to violations of probation). They did not challenge the facts of their alleged violations. Rather they alleged that at their (bargained) guilty pleas they had not been informed that their convictions would carry mandatory terms of parole; hence due process required that their parole terms should be voided. The District Court "declar[ed] void the mandatory parole terms" but by this time the prisoners had been discharged from custody. *Id.* at 630-631. On appeal by the State official, the Court of Appeals affirmed the declaration, but on further review the Supreme Court, declining to reach the constitutional question,

dismissed the case as moot. A majority of the Court thought that while the prisoners' failure to deny their commission of parole violations might embarrass them in the future, the recorded revocations of parole themselves were without those "collateral consequences" that should keep the constitutional issue alive for review. *Id.* at 625, 631-634. The dissenting Justices attempted to demonstrate that such consequences were possible in the Illinois setting. *Id.* at 634-641.

In our case the defendant has attacked the probation revocation findings on substantive and procedural grounds; thus the case differs from *Lane,* and perhaps a different showing could be made of "collateral consequences." There was authority prior to the *Lane* decision which suggested that a case like the present should not be held moot. See *Hewett* v. *North Carolina,* 415 F.2d 1316, 1320-1322 (4th Cir. 1969); *Hahn* v. *Burke,* 430 F.2d 100, 102-103 (7th Cir. 1970), cert. denied, 402 U.S. 933 (1971); *Panko* v. *McCauley,* 473 F. Supp. 325, 326 (E.D. Wis. 1979); *People* v. *Halterman,* 45 Ill.App.3d 605, 608 (1977). The contrary is suggested by later authority. See *Smith* v. *United States,* 454 A.2d 1354, 1356 (D.C. 1983); *Marshall* v. *District of Columbia,* 498 A.2d 190, 192 (D.C. 1985). Compare *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. 701 (1976). We are inclined in the exercise of discretion to pretermit the mootness question, as it has not been developed in the argument and the defendant has long persisted in pressing his claims.

2. The appeal, surviving for decision, fails on the merits. As noted, the single justice of the Supreme Judicial Court believed the defendant's admissions proved at the hearings were enough to justify the revocation; the full bench agreed; and the hearing judge in District Court, closest of all to the testimony, which he reappraised, also agreed, and filed a detailed and convincing set of "Amended Findings and Order after Remand." It is enough for us to say we have no doubt what the Supreme Judicial Court would hold on this question of the sufficiency of the evidence if it should come before it.

3. Procedural attacks on the conduct of the revocation proceedings also fail. In his memorandum of September 13, 1984,

the single justice of the Supreme Judicial Court said of these objections: "The notice of the proceeding was adequate and the hearing procedures not prejudicial. There was no abuse of discretion in the denial of the pretrial discovery motions or in the denial of the motion to dismiss when Brown's initial counsel withdrew. I see no showing of bias on the part of the judge." The rescript of the full bench says: "In light of the foregoing conclusions [remand to the hearing judge], we need not address the defendant's arguments concerning notice and other procedural deficiencies as to the hearing." *Brown, petitioner,* 395 Mass. at 1007. This perhaps means that the court agreed with the single justice on these points; otherwise one would have expected the court to discuss and pass upon the procedural questions. However that may be, and whether or not we should regard ourselves as bound by the decision of the single justice, we state that we agree with him.

We are to measure the defendant's rights by that due process which was owed him on probation revocation, a measure less formal and less stringent than that which governed the trial of the basic charge. See *Gagnon* v. *Scarpelli,* 411 U.S. 778, 789 (1973); *Black*·v. *Romano,* 471 U.S. 606, 613 (1985); *United States* v. *Evers,* 534 F.2d 1186, 1188 (5th Cir.), cert. denied, 429 U.S. 1024 (1976). Written notice of revocation was indeed required, see *Morrissey* v. *Brewer,* 408 U.S. 471, 488-489 (1972); *Fay* v. *Commonwealth,* 379 Mass. 498, 503 n.5 (1980), and such notice was given. The statement of the charge was more informing than the vague charges considered inadequate in the *Fay* case, and somewhat less precise than the charge held good in that case. See *id.* at 501 & n.3, 503. The charge herein informed the defendant that he was believed to be still committing the type of crime of which he had been convicted, and doing so in the same area as before. That seems to us to be adequate notice. See *Martineau* v. *Perrin,* 601 F.2d 1201, 1205 (1st Cir. 1979); *State* v. *Austin,* 295 N.W.2d 246, 252 n.1 (Minn. 1980). Contrast *United States* v. *Davila,* 573 F.2d 986, 987 (7th Cir. 1978); *People* v. *Good,* 66 Ill.App.3d 32, 33 (1978). Allowance of prehearing discovery seems a matter in the court's discretion.

There is complaint that the defendant was not afforded a reasonable time for preparation. That was his due, see *Commonwealth* v. *Odoardi,* 397 Mass. 28, 31-32 (1986), and we think a two-week interval from service of the notice to the date of hearing, with actual hearings spaced out over a period of almost two months, satisfied the requirement. The fact that the hearing ran over so long a time serves to some extent as a substitute for a more precise notice and for prehearing discovery. In the end, too, the axe fell because of the defendant's own admissions rather than evidence more at large.

There is nothing in the claim of prejudice arising from the defendant's change of counsel. (Original counsel felt he was compromised because he had represented a number of persons who spoke to the police.) Neither is there anything in the claim that the judge should have recused himself for bias.

*Order revoking probation*
*affirmed.*