The defendant appeals from the order revoking his probation and imposing sentence, claiming that the finding of a probation violation was impermissibly premised on unreliable hearsay. We find no such infirmity and therefore affirm.
1. Background. In September, 2016, the defendant pleaded guilty to operating a motor vehicle with a suspended license, subsequent offense, and was sentenced to sixty days in the house of correction, suspended for six months. In November, 2016, while still on probation, the defendant was arraigned on charges of assault and battery on a family/household member, strangulation or suffocation, and resisting arrest. The defendant was issued a notice of probation violation, premised on the new charges, and the revocation hearing was scheduled for December 15, 2016.
At the hearing, a probation officer offered a police report dated November 21, 2016, as the only evidence of the violation. The report, authored by a responding police officer, detailed the police response to a dispatch for a woman screaming for help at a specific room at an inn.[2] According to the report, the officer arrived at the inn to find a woman standing outside the room, crying and speaking on the telephone. He overheard her say: "He keeps beating me, I need to leave him." The officer was familiar with the woman and knew she was in a relationship with the defendant. The officer then heard the defendant yell out from inside the room, "[K]eep it up and I will come out there." The woman told the officer that the defendant had "strangled her and punched her in the back of the head." The defendant then "opened the door violently and began to walk out of the room." After a struggle with the police, the defendant was placed under arrest.
Based on this evidence,[3] the judge found that the defendant had violated his probation by having committed domestic assault and battery and imposed the previously suspended sentence of sixty days in the house of correction.
2. Discussion. The defendant contends that the judge abused her discretion in relying on a police report, and the victim's statements contained therein, to find that he had violated his probation because the evidence constituted unreliable hearsay.
Hearsay is generally admissible in probation revocation hearings. See Commonwealth v. Durling, 407 Mass. 108, 114 (1990). Where the sole basis for the revocation is presented through hearsay, however, the evidence must have substantial indicia of reliability. Id. at 118. Evidence that would be admissible through traditional evidentiary rules is presumptively reliable. Ibid. Otherwise, hearsay may be deemed reliable by a consideration of a variety of factors, including (1) the level of factual detail, rather than generalized and conclusory assertions; (2) whether the statement is based on personal knowledge and direct observation; (3) whether the statement is corroborated by evidence submitted by the probationer; (4) whether the statement was provided in circumstances that support the veracity of the source; (5) whether the statement was provided by a disinterested witness; (6) whether the evidence, if based on direct observations, was recorded close in time to the events in question; and (7) whether the statements are internally consistent. Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016), citing Rule 7(b) of the District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Ann. Laws Court Rules, at 97 (LexisNexis 2016).
The judge acted well within her discretion in determining that the victim's statements were presumptively reliable as they constituted excited utterances. "A statement is admissible under the spontaneous [or excited] utterance exception to the hearsay rule if the proponent shows that the statement was made under the influence of an exciting event, before the declarant had time to contrive or fabricate the statement, and that the statement tended to qualify, characterize and explain the underlying event." Commonwealth v. King, 436 Mass. 252, 254 (2002). See Mass. G. Evid. § 803(2) (2018). A judge may consider the condition of the person making the statement, where the statement is made in proximity to the event, and the "temporal closeness of the statements to the startling event" in determining if statements are excited utterances. Commonwealth v. Rodriguez, 90 Mass. App. Ct. 315, 319 (2016).
Here, officers found the victim crying in the hallway outside of the hotel room where the incident took place. As she cried, she was speaking on the telephone, saying that the defendant kept beating her and that she needed to leave him. Officers then heard the defendant state, "[K]eep it up and I will come out there," which he in fact did moments later. The victim had the opportunity to relay to police that the defendant had strangled and punched her before he emerged from the hotel room. Given the victim's condition, the defendant's statement, and the volatility of the situation, the judge could have reasonably determined that the victim's statements to police constituted excited utterances. Despite the presumptive reliability of the statements, the defendant argues that the judge should not have relied on them because the victim was highly intoxicated at the time she made the statements. The only evidence of the victim's intoxication, however, was presented by defense witnesses, which the judge was free to discredit. See Commonwealth v. Cates, 57 Mass. App. Ct. 759, 763 (2003), citing Brown, petitioner, 395 Mass. 1006, 1007 (1985) ("judge responsible for determining the weight and credibility of evidence at revocation hearing").
The judge also acted within her discretion in determining that the police report was reliable. Apart from the victim's statements, the report relayed the officer's own personal knowledge as well as detailed direct observations, recorded close in time to the events. See Durling, 407 Mass. at 121 ; Hartfield, 474 Mass. at 484.
This evidence, properly relied upon, provided ample support for the judge's finding that the defendant had violated his probation by committing a domestic assault and battery. There was no abuse of discretion. See Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014).
Order revoking probation and imposing sentence affirmed.

A supplement to the report, authored by another police officer, was also admitted in evidence. It related police observations of the defendant at the police station after his arrest. The supplement is not at issue.

The defendant and the victim also testified at the hearing. They both indicated that they were engaged to be married and that, on the night in question, they had been drinking alcohol and had begun to argue; they denied that any physical assault took place. Implicit in the judge's finding of a probation violation is the conclusion that she discredited the defendant's account. The judge explicitly noted that she "did NOT credit the testimony of [the victim]."