This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38328**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSHUA ORTIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Joshua Ortiz (Defendant) appeals the revocation of his probation by the metropolitan court, challenging only the sufficiency of the evidence presented by the State to establish his fugitive status pursuant to NMSA 1978, Section 31-21-15(C) (2016). We affirm.

## BACKGROUND

**{2}** On July 24, 2017, Defendant pled guilty to one count of disorderly conduct, in violation of NMSA 1978, Section 30-20-1 (1967). The metropolitan court imposed a six-month suspended sentence conditioned upon completion of unsupervised probation to be monitored by the Metropolitan Court Probation Supervision Division (MCPSD). The metropolitan court also ordered Defendant to pay the victim two hundred dollars in restitution and seventy-seven dollars in mandatory court costs. On that same day, Defendant signed an appointment slip in which he acknowledged that he was required to meet with a probation officer on Monday, August 7, 2017, at 9:00 a.m.; if he was late for the appointment he would not be seen; he could be held in contempt of court; and a bench warrant would be issued for his arrest.

**{3}** Defendant did not appear for his initial meeting with MCPSD, and the court issued a bench warrant on August 9, 2017, for failure to comply with conditions of probation. On August 15, 2017, the metropolitan court clerk mailed Defendant a criminal summons to appear on August 28, 2017. The metropolitan court issued a second bench warrant on September 8, 2017, for Defendant's failure to pay outstanding court costs and restitution.

**{4}** Defendant was arrested on February 12, 2018, on unrelated charges at which point he was also served and held on the two probation violation bench warrants. Subsequently, MCPSD submitted an affidavit for probation revocation and a report detailing Defendant's probation violations. The metropolitan court held a probation violation hearing on February 20, 2018, during which Metropolitan Court Probation Officer Robert Alden stated that Defendant failed to keep his initial appointment, failed to make restitution payments, and incurred a felony charge. Defense counsel argued that Defendant completed probation on January 22, 2018, and unless the probation officer explained what efforts were made to find Defendant while on fugitive status, the warrants alone were insufficient to toll the probation period. Defendant addressed the court, stating that he appeared for the initial meeting with MCPSD but was given another date to appear and that he thought the case had been dismissed. Alden responded that the only appointment on record was for August 7, 2017, and questioned whether Defendant had proof that his initial appointment was rescheduled. With regard to the bench warrants, Alden testified that (1) metropolitan court is a court of record by mail and warrants are mailed to the probationer's last known address, (2) warrants are entered into the National Crime Information Center (NCIC) data base, and (3) it was his understanding that Defendant's warrants were found on NCIC when he was arrested on the new charge.

**{5}** Defense counsel argued that believing a warrant is entered into NCIC is insufficient and that simply entering a warrant into NCIC is insufficient to find fugitive status. Citing Section 31-21-15(D), which contemplates funds allocated to cover expenses of returning probationers to court, and case law requiring that warrants be promptly served on defendants, defense counsel asserted that entering a warrant into NCIC does not satisfy the State's due diligence burden. Defense counsel further argued that since the State did not satisfy its due diligence burden, Defendant's probationary period expired and his obligation to the court was satisfied.

**{6}** The metropolitan court found that Defendant violated his probation by failing to appear for his initial intake with probation and failed to pay restitution, which was part of the plea agreement and included in the judgment and sentence. The court additionally observed that (1) the metropolitan court is a court of record by mail; (2) unlike adult probation officers MCPSD does not have the ability to arrest probationers; and (3) entry of the warrants into NCIC provides law enforcement with the ability to make an arrest. The metropolitan court then found that the warrants would have been mailed to Defendant's last known address and that Defendant's arrest on the warrants showed that they had been entered into NCIC. Based on its findings, the metropolitan court determined that Defendant was a fugitive beginning on August 9, 2017, and ordered that Defendant complete the remainder of his sentence on supervised probation.

**{7}** Defendant appealed his probation revocation to the district court, challenging the sufficiency of the evidence supporting his fugitive status determination. After reviewing the arguments on appeal and evidence presented during the revocation hearing, including Alden's statements regarding service of bench warrants by mail, the district court issued a memorandum opinion affirming the metropolitan court's order. This appeal followed.

## DISCUSSION

**{8}** On appeal Defendant argues, as he did in the district court, that insufficient evidence supports the metropolitan court's fugitive status determination. The State asserts that substantial evidence supports the metropolitan court's determination but also contends that because Defendant's probation term has ended his arguments are moot. Before addressing Defendant's substantive arguments, we first address whether this case is moot, and if so, whether an exception to our mootness doctrine applies.

### Mootness

**{9}** This Court does not address moot issues that will have no effect on the resolution of a case. *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)). "An appeal is moot when there is no actual controversy and when no actual relief can be granted to the appellant." *State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (internal quotation marks and citation omitted).

**{10}** In criminal appeals, an issue is not moot even if a defendant's sentence ends where there are "continuing collateral consequences . . . , such as mandatory sentence increases for subsequent offenses, limitations on eligibility for certain types of employment, and voting restrictions." *Id.* (internal quotation marks and citation omitted). To establish collateral consequences, a defendant must make a showing that potential collateral consequences could flow from the district court's decision. *See State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784 (concluding that an appeal

was moot where the defendant could not prove the existence of collateral consequences and had completed his full sentence).

**{11}** Even when a case is moot, an exception to the mootness doctrine allows an appellate court to review moot cases that "present issues of substantial public interest or which are capable of repetition yet evade review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. An issue is capable of repetition yet evading review when it is likely to arise in a future controversy but unlikely to come before an appellate court. *Id.* ¶¶ 10-11. Our review of moot cases that raise an issue either of substantial public interest or capable of repetition yet evading review is discretionary. *See Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498 (noting that appellate courts "may review moot cases" that fall within at least one of the two exceptions).

**{12}** Defendant asserts that this case is not moot because probation revocation has collateral consequences including social stigma and potential influence in future pretrial detention considerations. Alternatively, Defendant argues that if this case is moot, because the sufficiency issue raised is capable of repetition and metropolitan court sentences are likely to expire before an appeal reaches this Court, we should apply the mootness exception for issues capable of repetition yet evading review.

**{13}** In arguing that this case is not moot, Defendant makes only generalized assertions that his probation revocation results in social stigma and might affect pretrial detention determinations. Defendant cites authority in other jurisdictions to support his arguments, however, but for a short block quote from *People v. Nolan*, 116 Cal. Rptr. 2d 331 (Cal. Ct. App. 2002), the rest of the authorities Defendant cites are in a single string citation including *State v. Johnson*, 527 A.2d 250 (Conn. App. Ct. 1987), and *Cresci v. Schmidt*, 403 F.Supp. 348 (E.D. Wis. 1975). Defendant does not explain these cases nor does he develop an argument as to why we should adopt their reasoning in New Mexico. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 5, 433 P.3d 288 (stating that "counsel should properly present [the appellate] court with the issues, arguments, and proper authority[, and m]ere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure" (internal quotation marks and citation omitted)).

**{14}** The State responds that Defendant's arguments are too speculative to establish collateral consequences sufficient to negate mootness and specifically argues that probation revocation is only one of multiple factors considered in pretrial detention matters. We need not decide whether collateral consequences of probation revocation are sufficient to create an actual controversy because we agree with Defendant that the issues raised in this case are capable of repetition, yet evading review. We explain.

**{15}** Defendant argues that because sentences in metropolitan court are shorter than those in felony cases, they are likely to expire before cases reach this Court. The State responds that defendants in metropolitan court can stay their sentence through an appeal bond allowing live controversies to reach this Court. The State also asserts that

probation revocation is not unique to metropolitan court but also occurs in district court where the probation term is longer and an appeal will likely reach this Court before probation ends. Defendant disputes the State's contention that appeal bonds provide a practical means of addressing probation revocation issues, arguing primarily that defendants do not have the right to an appeal bond. Defendant also argues that the warrant service requirements related to his appeal are unique to metropolitan court and therefore will not be addressed in appeals from the district court. We have previously found it appropriate to apply exceptions to claims of mootness in which a relatively short sentence was imposed in the metropolitan court so as not to deprive a defendant appellate relief where the defendant was improperly denied the right to a de novo appeal and to children's court dispositions so as not to deprive the child of the right to appeal.

**{16}** In *Wilson*, this Court applied the mootness exception for issues likely to repeat yet evading review to address an appeal from a metropolitan court conviction. 2005-NMCA-130, ¶ 14. In that case the defendant sought a de novo appeal in the district court. *Id.* ¶ 4. However, the district court concluded that the defendant was entitled only to an on-record appeal and affirmed his conviction. *Id.* On appeal to this Court, the state argued that, because the defendant had served his entire sentence, his claim to the right of a de novo appeal was moot. *Id.* ¶ 14. Although this Court agreed that the issue was moot, we addressed the defendant's claim, recognizing that due to the inherently short sentences imposed by the metropolitan court a "defendant will likely have served his entire sentence by the time he is heard in this Court." *Id.* ¶ 15. We reasoned, "If we allowed this, those defendants charged with DWI or domestic violence but who contend they are entitled to appeal by a de novo trial will be exposed to the danger of losing the right to a trial de novo, without appellate relief. *Id.*

**{17}** In *State v. Sergio B.*, the child argued that insufficient evidence supported the court's judgment placing child under protective supervision. 2002-NMCA-070, ¶ 11, 132 N.M. 375, 48 P.3d 764. Citing the "short-term commitments of one year or less" in children's court cases, this Court concluded that the issue presented "would evade review unless this exception was invoked." *Id.* More recently, in *State v. Zachariah G.*, this Court applied the exception broadly, concluding that "appeals from the children's court—no matter the specific issues raised—generally fall within the exception for issues that are capable of repetition yet evading review simply because of the nature of children's court sentences." 2021-NMCA-036, ¶ 6, 495 P.3d 537, *cert. granted*, ___-NMCERT-___ (No. S-1-SC-37990, Feb. 3, 2020). Like children's court cases, metropolitan court cases "involve short-term commitments of one year or less, which could expire before the case was fully briefed before this Court or our Supreme Court, and thus these issues would evade review unless this exception was invoked." *Sergio B.*, 2002-NMCA-070, ¶ 11 (citation omitted).

**{18}** Defendant's six-month suspended sentence in this case exemplifies the typically short sentences imposed in the metropolitan court and, as a consequence, like the defendant in *Wilson* and the child in *Sergio B.*, he completed service of his sentence prior to his appeal reaching this Court. Accordingly, we exercise our discretion to apply

the mootness exception for issues capable of repetition yet evading review and turn now to address Defendant's substantive argument.[1]

**Defendant's Fugitive Status**

**{19}**   Defendant argues that substantial evidence does not support the metropolitan court's fugitive status determination and specifically challenges the adequacy of evidence relied upon to show that the State made reasonable efforts to serve the bench warrants issued in this case. The State responds that testimony indicating that the bench warrants were mailed to Defendant's last known address sufficiently supports the metropolitan court's determination. We conclude that substantial evidence supports the metropolitan court's fugitive status determination.

**{20}**   We review the metropolitan court's fugitive status determination for substantial evidence. *State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In conducting our review, "we must resolve all disputed facts in favor of the trial court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary." *Id.* (internal quotation marks and citation omitted).

**{21}**   Under New Mexico law "[i]f it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice." Section 31-21-15(C). "A probationer is a fugitive only when the [s]tate can prove either that: (1) it attempted to serve a warrant but was unsuccessful, or (2) any such attempt would have been futile." *State v. Sosa*, 2014-NMCA-091, ¶ 15, 335 P.3d 764. "Under this test, the [s]tate must demonstrate that it was diligent in attempting to bring the probationer before the court." *Id.*

**{22}**   As noted, Probation Officer Alden testified that bench warrants issued in the metropolitan court are entered into NCIC and that the warrants issued in this case were active at the time of Defendant's arrest. The booking sheet from Defendant's 2018 arrest included in the metropolitan court record supports Probation Officer Alden's testimony as it indicates that Defendant's bench warrant for failure to appear at his initial meeting with MCPSD as well as the bench warrant issued for Defendant's failure to pay restitution were located and served on him upon his 2018 arrest. Probation Officer Alden further testified that, because the metropolitan court is a court of record by mail, bench warrants are mailed to a defendant's last known address. Indulging all reasonable inference and viewing the evidence in the light most favorable to the metropolitan court's fugitive determination, we conclude that this evidence shows that

---

[1]Although the State correctly points out that defendants in metropolitan court may seek an appeal bond which stays their sentence while the matter is on appeal, *see* Rule 7-703(D) NMRA, we agree with Defendant that in circumstances such as those presented in this case, a defendant is not likely to seek an appeal as a matter of practicality.

the State entered the warrants into NCIC and mailed the warrants to his last known address. We explain.

**{23}**   To support a finding of fugitive status New Mexico case law is clear "that the state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the [NCIC] database." *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935. In this case, testimony showing that bench warrants issued in the metropolitan court are, as a matter of general practice, entered into NCIC in addition to Defendant's booking sheet identifying each of his probation violation warrants was sufficient for the metropolitan court to determine that the warrants were entered into the NCIC database. Indeed, Defendant concedes as much on appeal but argues—correctly—that this showing alone is not sufficient to support his fugitive status determination. *See id.* ¶ 34 (holding that "[a]t a minimum, the state must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence" (internal quotation marks and citation omitted)). Defendant asserts that evidence showing that the warrants might have been mailed to Defendant's last known address is insufficient to show that that the State attempted to serve the warrants on Defendant with reasonable diligence. We disagree.

**{24}**   While Probation Officer Alden did not explicitly testify that Defendant's warrants were mailed and there was no other direct evidence that they were mailed, he testified that once warrants are issued the practice is to mail warrants to a probationer's last known address. We conclude that this testimony as to the regular process of mailing warrants to a probationer's last known address was sufficient for the metropolitan court to conclude that Defendant's warrants were mailed to his last known address. *Cf. id.* ¶ 32 (determining evidence was sufficient where witness testified, "she believed [a warrant] was entered into NCIC just like any other normal warrant would be" (alterations and internal quotation marks omitted)); *see also State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (stating generally that the standard of proof in probation violation hearings is not beyond a reasonable doubt but instead proof within a reasonable certainty). Thus, the record contains substantial evidence that the State entered the warrants into NCIC and mailed them to Defendant's last known address, both of which support the metropolitan court's fugitive status determination.[2]

## CONCLUSION

**{25}**   For the foregoing reasons, we affirm the metropolitan court's revocation of Defendant's probation.

---

[2]To the extent Defendant argues that mailing a warrant to a probationer's last known address in addition to entry of the warrant into NCIC is insufficient as a matter of law, that argument was not developed in his brief in chief and was only expressly articulated in Defendant's reply brief. This Court "will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (internal quotation marks and citation omitted). To do so "creates a strain on judicial resources and a substantial risk of error." *Id.* Accordingly, we decline to consider Defendant's argument in this regard.

**{26}** IT IS SO ORDERED.

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**