COMMONWEALTH vs. PABLO COLON VINCENTE.

Barnstable.  March 7, 1989. — July 5, 1989.

Present: Liacos, C.J., Wilkins, Abrams, Lynch, & O'Connor, JJ.

*Evidence*, Admissions and confessions. *Practice, Criminal,* Revocation of
probation.

A judge may properly revoke a criminal defendant's probation on the basis
of inculpatory statements excluded as evidence in other proceedings as
having been obtained in violation of the defendant's Miranda rights.
[278-281]

INDICTMENT found and returned in the Superior Court De-
partment on June 5, 1984.

A proceeding for revocation of probation was heard by *Fran-
cis W. Keating*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Frederick C. Mycock* for the defendant.

*Thomas M. Yonce*, Assistant District Attorney, for the Com-
monwealth.

ABRAMS, J. The sole issue on appeal is whether, under
Federal law,[1] a trial judge may revoke probation on the basis
of statements suppressed at trial for failure to comply with

---

[1] Vincente argues exclusively on the basis of Federal law. We therefore
deem any State law grounds waived. Mass. R. A. P. 16 (a) (4), as amended,
367 Mass. 919 (1975); *Langton* v. *Commissioner of Correction*, 404 Mass.
165, 166 n.2 (1989).

Vincente's only reference to Massachusetts law concerns our holding in
*Brown, petitioner*, 395 Mass. 1006 (1985). We remanded that case for
clarification of whether the judge who revoked probation had relied at all
on untrustworthy hearsay. See *Commonwealth* v. *Brown*, 23 Mass. App.
Ct. 612, 615-617 (1987). The reliability of the defendant's admissions is
not at issue in the present case.

*Miranda* v. *Arizona,* 384 U.S. 436 (1966).[2] We conclude that there was no error in admitting Vincente's inculpatory statements at the probation revocation hearing. We therefore affirm the order revoking probation.

Pablo Colon Vincente, while on probation for a drug possession offense, was arrested for trafficking in cocaine. Vincente was driving in a van with his sister, brother-in-law, and nieces and nephews at the time of his arrest. The police found cocaine in a knapsack that Vincente's sister was carrying. Vincente's statements to the police indicated that the cocaine was his, and not his sister's. During the jury trial the judge held a voir dire to determine the voluntariness of the statements and whether they were made in violation of *Miranda* v. *Arizona, supra.* The judge suppressed the statements because the police questioned Vincente after he unsuccessfully attempted to telephone a lawyer. The judge reasoned that, at the point when Vincente showed his desire to consult a lawyer, the police should have ceased all questioning in accordance with *Miranda* v. *Arizona, supra.* The jury was then unable to reach a verdict. The judge declared a mistrial. Thereafter, based on Vincente's suppressed statements, his probation officer moved to revoke the probation imposed on the earlier conviction. Vincente objected to the use of the statements in a probation revocation proceeding. The judge overruled that objection, admitted the statements, and revoked probation. Vincente appeals.

The United States Supreme Court, in *United States* v. *Calandra,* 414 U.S. 338 (1974), set forth the rationale by which a court may determine whether the exclusionary rule applies in a given context. *Calandra* involved the use of illegally seized evidence in a grand jury proceeding; the grand jury witness refused to answer questions that were based on evidence obtained in violation of his rights under the Fourth Amendment to the United States Constitution. The Supreme Court stated

---

[2] The Commonwealth does not argue that the judge's ruling was incorrect. The record does not reflect whether there was a second trial after the first ended in a mistrial, or whether the Commonwealth took any steps to appeal the ruling. We therefore discuss the issue on the basis that the judge's ruling was correct.

that the exclusionary rule is not intended "to redress the injury to the privacy of the search victim . . . [but rather] to deter future unlawful police conduct." *Id.* at 347. It is not "a personal constitutional right of the party aggrieved." (Footnote omitted.) *Id.* at 348. Accordingly, "the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 348. The Court balanced the potential deterrent effect of excluding illegally seized evidence against "the potential injury to the historic role and functions of the grand jury." *Id.* at 349. The Court concluded that extending the exclusionary rule to include grand jury proceedings would have little additional deterrent effect but would have a severe impact on the grand jury's functioning. *Id.* at 351-352. The Court therefore did not extend the exclusionary rule to grand jury proceedings. *Id.*

Most Federal courts of appeal that have considered whether the exclusionary rule should apply to probation revocation hearings have concluded that it should not. See, e.g., *United States* v. *Bazzano*, 712 F.2d 826, 830 (3d Cir. 1983), cert. denied sub nom. *Mollica* v. *United States*, 465 U.S. 1078 (1984), and cases cited. These cases note that probation is intended to give a convicted criminal a chance to rehabilitate himself or herself. Evidence that a probationer is not complying with the conditions of probation may indicate that he or she has not been rehabilitated and continues to pose a threat to the public. For this reason, "it is extremely important that *all reliable* evidence shedding light on the probationer's conduct be available during probation revocation proceedings." (Emphasis in original; footnote omitted.) *United States* v. *Winsett*, 518 F.2d 51, 55 (9th Cir. 1975). See *Bazzano, supra* at 833-834.

The Federal courts have concluded that, in most instances, a police officer is primarily interested in obtaining evidence with which to convict a defendant. Revocation of probation is generally only a minor consideration, and therefore the risk that illegally obtained evidence might be excluded from such proceedings is likely to have only a marginal additional deterrent effect on illegal police misconduct. See *Bazzano, supra* at 832-833; *Winsett, supra* at 54. Cf. *Verdugo* v. *United States*,

402 F.2d 599, 610-613 (9th Cir. 1968), cert. denied sub nom. *Turner* v. *United States,* 397 U.S. 925 (1970), cert. denied, 402 U.S. 961 (1971) (products of unlawful search excluded from sentencing proceeding). One Federal court reasoned that "excluding from such proceedings reliable evidence bearing on a probationer's rehabilitation would contribute little to deterring constitutional violations while impeding society's interest in protecting itself against convicted criminals who have abused the liberty afforded them." *Bazzano, supra* at 831.[3]

We note that the Federal cases we have cited all involve evidence seized in violation of the probationer's Fourth Amendment rights.[4] Vincente has not argued that a different result is required under Federal law if the evidence is obtained in violation of the Miranda warnings.

*Order revoking probation affirmed.*

---

[3] Vincente argues that under Federal law, the exclusionary rule does apply to probation revocation proceedings when the agents who unlawfully obtained the evidence knew of the subject's status as a probationer. See *United States* v. *Rea,* 678 F.2d 382 (2d Cir. 1982) (probation officer conducted unlawful search); *United States* v. *Workman,* 585 F.2d 1205 (4th Cir. 1978) (same). The *Bazzano* court, *supra* at 833 n.1, expressly left the question open. The question was not raised below. Thus, that issue is not before us. *Langton* v. *Commissioner of Correction, supra.* Nothing in the record supports Vincente's assertion that the officers who questioned him knew or had reason to know of his status as a probationer.

[4] There is no reason for us to consider whether Federal courts might make a distinction between evidence suppressed under the Fourth Amendment and evidence suppressed under *Miranda* v. *Arizona, supra.* Because Vincente has not argued that issue, he has waived it. Mass. R. A. P. 16 (a) (4). *Langton* v. *Commissioner of Correction, supra.*

We note that, under Federal law, evidence seized in violation of the Fourth Amendment may be used to impeach a defendant's testimony. See, e.g., *Walder* v. *United States,* 347 U.S. 62, 65 (1954). Similarly, statements obtained in violation of *Miranda* v. *Arizona, supra,* are admissible to impeach a defendant's testimony. See, e.g., *Harris* v. *New York,* 401 U.S. 222 (1971).