PER CURIAM.
Appellant, Dwayne Hopkins, appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Appellant was convicted on June 14, 1990, of one count of sexual battery by a person in a position of familial authority and one count of lewd and lascivious act upon a child. The offenses were alleged to have been committed on November 20, 1989. He was sentenced to concurrent terms of nine years’ imprisonment followed by probation. On July 21, 1995, appellant pled no contest to violation of probation. He was sentenced to concurrent terms of seventeen years’ imprisonment, with credit for time served.
On February 4,1997, appellant filed a motion for postconviction relief. Appellant argued that defense counsel rendered ineffective assistance of counsel by misadvising him that he would be given credit for all gain time awarded during his prior incarceration and would serve no more than five or six years’ imprisonment. He also argued that the alleged erroneous advice rendered his plea involuntary. Appellant did not, however, seek to withdraw the plea. Instead, it appears that the relief appellant requests is an order directing the Department of Corrections to award credit for gain time awarded during the prior incarceration.
The trial judge correctly denied relief with regard to these claims. For defendants who committed their offenses on or after October 1, 1989, the sentencing judge is permitted, but not required, to forfeit the credit for gain time otherwise available under State v. Green, 547 So.2d 925 (Fla.1989). For defendants who committed their offenses between October 1, 1989, and December 31, 1993, the Department of Corrections, like the sentencing judge, has the discretion to forfeit credit for prior gain time upon the revocation of probation pursuant to section 944.28(1), Florida Statutes (1989). Forbes v. Singletary, 684 So.2d 173 (Fla.1996).
Appellant correctly argues that the sentencing judge erroneously sentenced him to seventeen years’ imprisonment, upon revocation of probation, for the offense of lewd and lascivious act upon a child in violation of section 800.04, Florida Statutes. This offense is a second degree felony, and the statutory maximum sentence is imprisonment not exceeding 15 years. “Upon violate ing probation, a defendant cannot be sentenced to a term that could not have been validly imposed at the time of initial sentencing.” Gibbs v. State, 667 So.2d 371 (Fla. 1st DCA 1995).
We reverse that portion of the order denying relief with regard to the claim that the sentence imposed for the second degree felony exceeded the maximum sentence permitted by statute and remand with directions to resentence appellant for that offense. In all other respects, the order on appeal is affirmed.
BARFIELD, C.J., and WOLF and LAWRENCE, JJ., concur.