751 So.2d 623 (1999)
Robert Roger LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3416.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
*624 Jack A. Fleischman of Fleischman & Fleischman, P.A., Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm the revocation of Lawson's community control on count II of the original information and the sentence entered thereon, but reverse as to counts III and IV. The state acknowledges that counts III and IV were not before the trial court, as no warrant or affidavit of violation was executed as to these two counts.
Lawson moved to suppress weapons and firearms uncovered in a search at his residence. At the suppression hearing, Lawson's community control officer, Michael Santucci, testified that he and several probation and parole officers and supervisors from the Department of Corrections conducted an administrative search of Lawson's home. The corrections personnel were accompanied to the house by FDLE agent Caplano and sheriffs office detectives, all of whom were present to protect the safety of the DOC personnel during the search. The state witnesses testified that the law enforcement officers remained outside the residence during the administrative search, a point which was disputed by Lawson.
During the administrative search, DOC personnel found bullets and a machete. They also found two safes. One of the safes was recognized as a heavy duty gun safe, of the type regularly used in gun stores.
When the safes were found, the search was halted while Santucci and the FDLE agent obtained a search warrant to search the contents of the safe. The resulting search of the safes yielded the weapons charged in the community control violation warrant: portions of a sawed off shotgun, a .22 caliber rifle, a 20 gauge shotgun, a Ruger .22 caliber pistol, and a Marlin .25 caliber rifle. The search also resulted in the state's initiation of an independent criminal proceeding, which is the subject of a different appeal. At the hearing on the violation of community control, the corrections officer also testified as to the firearms and other weapons found in the course of the administrative search.
The trial judge found that the search was a properly conducted administrative search and that no FDLE or police officers entered Lawson's home during the search. Lawson was found guilty of violating condition four of his community control sentence, by possessing spear points, throwing stars, knives, and other weapons, and condition five, being in possession of firearms as a convicted felon.
In Grubbs v. State, 373 So.2d 905 (Fla.1979), the supreme court recognized that a warrantless search of a probationer's person or residence is valid and "absolutely necessary" to properly supervise probationers; accordingly, evidence discovered during such a search is admissible in a hearing to revoke probation.[1]
*625 Lawson acknowledges that the Department of Corrections officers had the authority to conduct an administrative search Lawson's home, but argues that the search was actually a pretext to allow Florida Department of Law Enforcement agents to obtain access for their purposes. The trial court disagreed, and we presume its finding that the law enforcement officers did not enter the house and that the search was properly conducted, correct on appeal. See generally Rolling v. State, 695 So.2d 278 (Fla.1997); Moskowitz v. State, 710 So.2d 584 (Fla. 4th DCA 1998). Moreover, the evidence does not require a conclusion that the probation officers were merely acting as a "stalking horse" for law enforcement. See United States v. Watts, 67 F.3d 790 (9th Cir.1995), reversed on other grounds, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997)(determination of whether probation search was used as a subterfuge for a criminal investigation hinges on "whether probation officer used the probation search to help police evade the Fourth Amendment's usual warrant and probable cause requirements or whether the probation officer enlisted the police to assist his own legitimate objectives").
As we have found the evidence in this case legally seized, we follow Flowers v. State, 24 Fla. L. Weekly D1832, ___ So.2d ___, 1999 WL 565615 (Fla. 4th DCA Aug.4, 1999)(on motion for rehearing), and leave for another day the state's argument that the exclusionary rule does not apply to probation revocation hearings. See Pennsylvania Bd. of Probation and Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998)("the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights").
We reject Lawson's claim that double jeopardy and his due process rights were violated by the trial court's decision to forfeit his gain time, earned while serving his prior sentence. The Florida Supreme Court has rejected a due process challenge to legislative forfeiture of gain time in Meola v. Dep't. of Corrections, 732 So.2d 1029 (Fla.1998). We also hold that no double jeopardy violation occurred here, where Lawson's sentence was patently triggered by a new act of the defendant. In Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), abrogated on other grounds, State v. Kerklin, 566 So.2d 513 (Fla.1990), the court held that on violation of probation after a split sentence, double jeopardy is not violated because it is the defendant's intervening conduct which triggers the new sentence. We see no reason not to apply similar reasoning here. See also Gibbs v. Wainwright, 302 So.2d 175 (Fla. 2d DCA 1974)(defendant's double jeopardy challenge to forfeiture of gain time on parole revocation rejected without discussion); Lashley v. Florida, 413 F.Supp. 850, 852 (M.D.Fla.1976)(holding "there is no double jeopardy to an inmate when, upon revocation of his parole, he forfeits all of his accumulated gain time....").
The date of the offense is the "key date" for determining applicability of gain time forfeiture statutes. See State v. Lancaster, 731 So.2d 1227 (Fla.1998). Lawson's offense date in count II of the original information was April 4, 1993, subsequent to the enactment of gain time forfeiture provisions of section 944.28(1), Fla. Stat. (1993). Accordingly, at the discretion of the trial judge, Lawson's gain time earned during his original incarceration may be forfeited. See Hopkins v. State, 711 So.2d 603 (Fla. 1st DCA 1998).
We remand for modification and resentencing.
WARNER, C.J. and DELL, J., concur.
NOTES
[1] The holding of Grubbs is equally applicable in a community control violation hearing. See Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988).