766 So.2d 1110 (2000)
Shelton SCARLET, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3040.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before JORGENSON and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Defendant appeals from a revocation of probation, arguing that the evidence admitted at his revocation hearing was seized in violation of the Fourth Amendment. For the following reasons, we reverse and remand.
Defendant was placed on probation for a term of one year for burglary of an occupied dwelling. An affidavit of violation of *1111 probation was filed charging defendant with committing the offense of trafficking in cocaine; failing to pay restitution; and failing to complete 100 hours of community service. The order of revocation of probation finds defendant guilty of all three violations.
The cocaine charge emanated from a traffic stop. On that charge, the trial court found the search to be without probable cause, without founded suspicion, and without a warrant or consent. Defendant alleged that the drugs were not his. At the probation violation hearing, however, the trial court admitted the seized cocaine on the ground that the exclusionary rule did not apply. The court revoked defendant's probation and sentenced him to 54 months in state prison; defendant appeals; we reverse.
The Florida Supreme Court has held that in the absence of a controlling federal decision directly on point, evidence obtained through an unlawful search is inadmissible in a probation revocation hearing. See State v. Cross, 487 So.2d 1056 (Fla. 1986). Since then the United States Supreme Court has held that such evidence is admissible in parole revocation hearings. See Pennsylvania Parole Bd. v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998). However, a parole hearing is substantively different, as it is not part of a criminal prosecution. A parole hearing is an administrative proceeding conducted by non-lawyers in a non-judicial setting; "traditional rules of evidence generally do not apply." Id. at 366, 118 S.Ct. 2014. "The exclusionary rule, moreover, is incompatible with the traditionally flexible, administrative procedures of parole revocation." Id. at 365, 118 S.Ct. 2014. Probation revocation hearings, however, are under the court's jurisdiction and generally lead to sentencing hearings that require the appointment of counsel. See Floyd v. Parole and Probation Comm'n, 509 So.2d 919 (Fla.1987). In short, parole revocation hearings and probation revocation hearings are very different proceedings.
Scott does not overturn Cross. Evidence discovered during an unlawful search is not admissible in a hearing to revoke probation. See Soca v. State, 673 So.2d 24 (Fla.1996); Lawson v. State, 751 So.2d 623 (Fla. 4th DCA 1999).
The State asked this court to certify this question to the Florida Supreme Court. We decline to do so, as the Florida Supreme Court has spoken so clearly on this matter.
In sum, we reverse and remand for further proceedings, as it is not clear from the record that on the two remaining probation violation findings, the trial court would have revoked defendant's probation or entered the same sentence. See Largaespado v. State, 658 So.2d 189 (Fla. 3d DCA 1995).