800 So.2d 220 (2001)
STATE of Florida, Petitioner,
v.
Shelton SCARLET, Respondent.
No. SC00-2135.
Supreme Court of Florida.
November 1, 2001.
*221 Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, Fort Lauderdale, FL, for Petitioner.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Respondent.
PER CURIAM.
We have for review Scarlet v. State, 766 So.2d 1110 (Fla. 3d DCA 2000), which expressly and directly conflicts with Johnston v. State, 768 So.2d 504 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The issue presented in this case is whether, in light of the United States Supreme Court's decision in Pennsylvania Board of Probation & Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998), the exclusionary rule is applicable in probation revocation hearings in Florida. The State acknowledges that the Supreme Court's decision in Scott did not concern the admissibility of illegally seized evidence at a probation revocation hearing. Nonetheless, the State contends that the Supreme Court's reasons for rejecting the applicability of the exclusionary rule in parole revocation hearings are equally applicable to probation revocation hearings.
In a unanimous decision in Scarlet the Third District rejected the State's argument and explained:
The Florida Supreme Court has held that in the absence of a controlling federal decision directly on point, evidence obtained through an unlawful search is inadmissible in a probation revocation hearing. See State v. Cross, 487 So.2d 1056 (Fla.1986). Since then the United States Supreme Court has held that such evidence is admissible in parole revocation hearings. See Pennsylvania Parole Bd. v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998). However, a parole hearing is substantively different, as it is not part of a criminal prosecution. A parole hearing is an administrative proceeding conducted by non-lawyers in a non-judicial setting; "traditional rules of evidence generally do not apply." Id. at 366, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344. "The exclusionary rule, moreover, is incompatible with the traditionally flexible, administrative procedures of parole revocation." Id. at 365, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344. Probation revocation hearings, however, are under the court's jurisdiction and generally lead to sentencing hearings that require the appointment of counsel. See Floyd v. Parole and Probation Comm'n, 509 So.2d 919 (Fla.1987). In short, parole revocation hearings and probation revocation hearings are very different proceedings.

Scott does not overturn Cross. Evidence discovered during an unlawful search is not admissible in a hearing to revoke probation. See Soca v. State, 673 So.2d 24 (Fla.1996); Lawson v. State, 751 So.2d 623 (Fla. 4th DCA 1999).
The State asked this court to certify this question to the Florida Supreme Court. We decline to do so, as the Florida Supreme Court has spoken so clearly on this matter.
766 So.2d at 1110-11. More recently, in Williams v. State, 791 So.2d 37 (Fla. 2d DCA 2001), the Second District followed Scarlet and held that the exclusionary rule is applicable in a probation revocation *222 hearing, notwithstanding the Supreme Court's decision in Scott.
We have considered but decline to revisit our prior decisions in State v. Cross, 487 So.2d 1056 (Fla.1986), and Grubbs v. State, 373 So.2d 905 (Fla.1979). Accordingly, we approve the Third District's decision in Scarlet and the Second District's decision in Williams concluding that Scott does not preclude the applicability of the exclusionary rule in probation revocation hearings, and disapprove of the Fourth District's dicta in Johnston suggesting otherwise.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, C.J., dissents with an opinion, in which, HARDING and QUINCE, JJ., concur.
WELLS, C.J., dissenting.
I dissent because I conclude that the majority fails to follow the unequivocal mandate of article 1, section 12 of the Florida Constitution:
SECTION 12. Searches and seizures.... This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.
In Pennsylvania Board of Probation & Parole v. Scott, 524 U.S. 357, 362-64, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) (emphasis added), the court stated:
We have emphasized repeatedly that the government's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution. See, e.g., United States v. Leon, 468 U.S. 897, 906, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Stone v. Powell, 428 U.S. 465, 482, 486, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Rather, a Fourth Amendment violation is "`fully accomplished'" by the illegal search or seizure, and no exclusion of evidence from a judicial or administrative proceeding can "`cure the invasion of the defendant's rights which he has already suffered.'" United States v. Leon, supra, at 906, 104 S.Ct. 3405, 82 L.Ed.2d 677 (quoting Stone v. Powell, supra, at 540, 96 S.Ct. 3037, 49 L.Ed.2d 1067, White, J., dissenting). The exclusionary rule is instead a judicially created means of deterring illegal searches and seizures. United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). As such, the rule does not "proscribe the introduction of illegally seized evidence in all proceedings or against all persons," Stone v. Powell, supra, at 486, 96 S.Ct. 3037, 49 L.Ed.2d 1067, but applies only in contexts "where its remedial objectives are thought most effectively served," United States v. Calandra, supra at 348, 94 S.Ct. 613, 38 L.Ed.2d 561; see also United States v. Janis, 428 U.S. 433, 454, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) ("If ... the exclusionary rule does not result in appreciable deterrence, then, clearly, its use in the instant situation is unwarranted"). Moreover, because the rule is prudential rather than constitutionally mandated, we have held it to be applicable only where its deterrence benefits outweigh its "substantial social costs." United States v. Leon, 468 U.S. at 907, 104 S.Ct. 3405, 82 L.Ed.2d 677.

Recognizing these costs, we have repeatedly declined to extend the exlusionary rule to proceedings other than criminal trials. Id. at 909; United States v. Janis, supra at 447 96 S.Ct. 3021, 49 L.Ed.2d 1046. For example, in United States v. Calandra, we held that the exclusionary rule does not apply to grand jury proceedings; in so doing, we emphasized that such proceedings play a *223 special role in the law enforcement process and that the traditionally flexible, nonadversarial nature of those proceedings would be jeopardized by application of the rule. 414 U.S., at 343-346, 349-350, 94 S.Ct. 613, 38 L.Ed.2d 561. Likewise, in United States v. Janis, we held that the exclusionary rule did not bar the introduction of unconstitutionally obtained evidence in a civil tax proceeding because the costs of excluding relevant and reliable evidence would outweigh the marginal deterrence benefits, which, we noted, would be minimal because the use of the exclusionary rule in criminal trials already deterred illegal searches. 428 U.S., at 448, 454, 96 S.Ct. 3021, 49 L.Ed.2d 1046. Finally, in INS v. Lopez-Mendoza, 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), we refused to extend the exclusionary rule to civil deportation proceedings, citing the high social costs of allowing an immigrant to remain illegally in this country and noting the incompatibility of the rule with the civil, administrative nature of those proceedings. Id., at 1051, 104 S.Ct. 3479, 82 L.Ed.2d 778.

As in Calandra, Janis, and Lopez-Mendoza, we are asked to extend the operation of the exclusionary rule beyond the criminal trial context. We again decline to do so. Application of the exclusionary rule would both hinder the functioning of state parole systems and alter the traditionally flexible, administrative nature of parole revocation proceedings. The rule would provide only minimal deterrence benefits in this context, because application of the rule in the criminal trial context already provides significant deterrence of unconstitutional searches. We therefore hold that the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights.
All agree that a probation revocation hearing is not a criminal trial. I do not believe that this Court has the choice of which United States Supreme Court decisions it will follow and which it will not.
HARDING and QUINCE, JJ., concur.