PARKER, Acting Chief Judge.
Christopher Szabo appeals from his judgment and sentence for burglary entered upon revocation of probation and argues that the exclusionary rule required the dismissal of the probation violation allegations. Szabo entered a plea to the violation of probation but specifically reserved his right to appeal the trial court’s denial of his motion to dismiss. Because we conclude that the trial court erred in failing to apply the exclusionary rule in this revocation of probation proceeding, we reverse.
Szabo had been sentenced originally to fifteen years in prison with fourteen years suspended, to be followed by five years of probation. An affidavit of violation of probation was filed against Szabo, alleging a violation of condition 8, which states: “You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of Probation/Community Control.” The affidavit stated that Szabo violated probation by being arrested for the misdemeanor crime of DUI.
Szabo moved to dismiss the allegations that he had committed a violation of probation based upon the fact that the county court in which the DUI charge was filed had suppressed the evidence, finding the stop of Szabo’s vehicle was illegal and that the resulting search and seizure was unreasonable. The trial court denied Szabo’s motion to dismiss and held that the exclusionary rule did not apply to probationary hearings based on Pennsylvania Board of Probation & Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998).
In State v. Scarlet, 800 So.2d 220 (Fla.2001), the Florida Supreme Court distinguished Scott because Scott involved parole, rather than probation, proceedings. The Scarlet court held that Scott did not preclude the use of the exclusionary rule in probation revocation proceedings. Therefore, based on Scarlet, we reverse Szabo’s judgment and sentence entered upon revocation of probation and the trial court order denying his motion to dismiss. We direct that Szabo be released from prison and returned to the trial court for the trial court to determine whether Szabo’s probation should be reinstated for any time that may remain on his probationary sentence.
Reversed and remanded.
ALTENBERND and SALCINES, JJ., Concur.