811 So.2d 805 (2002)
Lawrence LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2725.
District Court of Appeal of Florida, Second District.
March 20, 2002.
*806 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Lawrence Lambert appeals the order revoking his probation. We reverse because of ineffective assistance of counsel on the face of the record due to counsel's failure to assert the applicability of the exclusionary rule at the revocation of probation hearing.
In May 1999, Lambert pleaded guilty to burglary of a dwelling and grand theft. He was sentenced to ten years in prison as a habitual offender, suspended for ten years, and placed on probation for five years. On October 5, 1999, an affidavit of violation was filed against Lambert. The affidavit alleged a violation of condition (1), three violations of condition (5), and two violations of condition (6). A violation of probation hearing was held on May 3 and 5, 2000. Lambert was found not guilty of violating condition (1) and condition (6), but was found guilty of violating condition (5).
Probation condition (5) required Lambert to remain at liberty without violating the law. The affidavit of violation alleged that Lambert violated condition (5) by committing three new substantive offenses, burglary of a vehicle, grand theft, and possession of burglary tools. Lambert was charged separately with committing these new offenses. Prior to trial on these charges, defense counsel filed a motion to suppress the evidence that would establish the new crimes. However, the violation of probation hearing was held before the motion to suppress hearing on the new substantive offenses. At the revocation hearing, the State, without objection from defense counsel, presented evidence to establish the new law violations as the basis to support a finding that Lambert violated condition (5). This evidence was the same evidence defense counsel sought to suppress at the trial on the new charges. Based on this evidence, the trial court found Lambert guilty of violating condition (5), revoked Lambert's probation, and postponed sentencing pending disposition on the new charges. Thereafter, on May 30, 2000, prior to trial on the new substantive offenses, a hearing was held on Lambert's motion to suppress. Following the hearing, the trial court granted the motion to suppress. The trial court then sentenced Lambert on the revocation case to concurrent terms of ten years in prison on each count as a habitual offender, suspended after five years, with the remainder to be served on probation.
On appeal, Lambert argues the order revoking his probation should be reversed due to ineffective assistance on the face of the record. He asserts that the exclusionary *807 rule applies in a violation of probation hearing and that defense counsel's failure to seek to exclude evidence of the new law violation at the revocation hearing constitutes ineffective assistance of counsel. We agree.
In State v. Cross, 487 So.2d 1056 (Fla.1986), the Florida Supreme Court held that the exclusionary rule applies in probation and community control revocation proceedings. Subsequently, the United States Supreme Court in Pennsylvania Board of Probation and Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998), held that the exclusionary rule does not bar introduction of evidence seized in violation of the Fourth Amendment at parole revocation hearings. Thereafter, the Fourth District, relying on Scott, suggested that the exclusionary rule does not apply to revocation of probation hearings. Johnston v. State, 768 So.2d 504 (Fla. 4th DCA 2000). The Third District, however, concluded that Scott did not overturn Cross and held that evidence discovered during an unlawful search is not admissible in a hearing to revoke probation. Scarlet v. State, 766 So.2d 1110 (Fla. 3d DCA 2000). This court, in Williams v. State, 791 So.2d 37 (Fla. 2d DCA 2001), agreed with the Third District's decision in Scarlet. Recently, the Florida Supreme Court approved of the Third District's decision in Scarlet and this court's decision in Williams, concluding that Scott does not preclude the applicability of the exclusionary rule in probation revocation hearings. The supreme court also expressly disapproved of the dicta in Johnston. State v. Scarlet, 800 So.2d 220 (Fla.2001).
Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal. See Corzo v. State, No. 2D01-5017 (Fla. 2d DCA Feb.13, 2002). However, an appellate court will consider a claim of ineffective assistance of counsel on direct appeal if the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and the tactical explanation for the conduct is inconceivable. Id. "Ineffective assistance of counsel is found when counsel's performance falls outside the range of reasonable professional assistance and there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance." Ross v. State, 726 So.2d 317, 318 (Fla. 2d DCA 1998) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Here, at the time of the revocation hearing, Cross provided that the exclusionary rule applied in probation revocation proceedings. Although Scott had been decided, it addressed parole revocation proceedings and was, therefore, not directly on point and did not overturn Cross. Thus, we conclude defense counsel's performance was deficient in failing to move to suppress the evidence of the new substantive offenses at the revocation hearing. Moreover, it is clear from the trial court's ruling on the motion to suppress that all of the evidence used to establish a violation of condition (5) would have been excluded from the revocation hearing had defense counsel asserted the applicability of the exclusionary rule. Without that evidence, the State could not establish a violation of condition (5). The prejudice is obvious. Finally, we can conceive of no reasonable tactical decision to fail to assert the applicability of the exclusionary rule at the revocation of probation proceeding.
Accordingly, we reverse and remand for reinstatement of Lambert's probation.
GREEN and SILBERMAN, JJ., Concur.