GREEN, OLIVER L., Senior Judge.
Mickey Keith Jacobs challenges the revocation of his probation and the sentence imposed upon revocation. We reverse and remand for further proceedings.
While Jacobs was on probation in this case, he was arrested and charged with several new offenses. Based on these new charges, the Department of Corrections filed an affidavit of violation of probation, alleging that Jacobs had violated his probation by committing the new offenses and by failing to pay certain costs.
In the case involving the new offenses, Jacobs filed a motion to suppress the evidence seized when he was stopped by officers from the Polk County Sheriffs Office. For reasons not apparent from the record, the trial court combined the hearing on the motion to suppress in the new case with the hearing on the violation of probation in this case. Shortly after that hearing, the trial court granted the motion to suppress the evidence against Jacobs.[1] However, the trial court also revoked Jacobs’ probation based on the testimony at the same hearing and sentenced Jacobs to two years’ community control followed by three years’ probation. When the trial court entered its written order of revocation, it simply stated that it was revoking Jacobs’ probation. The written order does not include any findings of fact and does not state which conditions of probation Jacobs violated.
Evidence seized in violation of a probationer’s Fourth Amendment rights is not admissible in a probation revocation hearing. State v. Scarlet, 800 So.2d 220, 222 (Fla.2001); State v. Cross, 487 So.2d 1056, 1057-58 (Fla.1986). Thus, the evidence that the trial court ultimately suppressed was not properly admitted or considered in the revocation proceedings. Because of the unusual decision to combine the hearings on the motion to suppress and the revocation of probation, we cannot tell from the record before us whether the inadmissible evidence formed the basis of the decision to revoke Jacobs’ probation. While some admissible evidence was also offered to support the revocation, the lack of a proper written order prevents any meaningful review of the trial court’s decision. Accordingly, we reverse and remand for a new revocation hearing. If the trial court again revokes Jacobs’ probation, it must enter a proper written order that sets forth the conditions the trial court finds were violated. See Montonez v. State, 724 So.2d 650, 651 (Fla. 2d DCA 1999); Donley v. State, 557 So.2d 943, 945 (Fla. 2d DCA 1990).
Reversed and remanded for further proceedings.
SILBERMAN and KELLY, JJ., Concur.

. The State has never appealed the trial court’s order granting the motion to suppress. After the motion was granted, the State nol pressed the new charges against Jacobs.