GROSS, J.,
concurring specially.
But for State v. Scarlet, 800 So.2d 220 (Fla.2001), I would affirm the trial court’s revocation of appellant’s probation.
Generally, in a probation violation hearing, a court may consider evidence that would be inadmissible in a trial of an accused for a crime. See State ex rel. Ard v. Shelby, 97 So.2d 631, 633 (Fla. 1st DCA 1957). Florida courts have held that “the failure of a 'probation officer to advise [a probationer] of his Miranda rights prior to his admission of a violation of his probation” does not render the admission inadmissible at a probation revocation hearing. Evans v. State, 356 So.2d 1355, 1356 (Fla. 1st DCA 1978) (emphasis added); see also Cleveland v. State, 557 So.2d 959, 960 (Fla. 4th DCA 1990) (holding that un-Miran-dized statements to a probation and restitution center counselor were admissible in a probation revocation proceeding).
I agree with the reasoning of those cases holding that evidence obtained in violation of Miranda warnings may be admissible in probation violation hearings. Commonwealth v. Vincente, 405 Mass. 278, 540 N.E.2d 669, 670-71 (1989); Byrd v. People, 58 P.3d 50, 56-57 (Colo.2002); State v. Mason, 56 Or.App. 164, 641 P.2d 1139, 1141 (1982); see also Scarlet, 800 So.2d at 222 (Wells, C.J., dissenting); Phillip E. Hassman, Annotation, Admissibility, in State Probation Revocation Proceedings, of Incriminating Statement Obtained in Violation of Miranda Rule, 77 A.L.R.3d 669 (1977).
However, Scarlet holds that the exclusionary rule is applicable in violation of probation hearings to evidence seized in *366 violation of the Fourth Amendment. 800 So.2d at 222. This holding is contrary to that of many courts which have held that the exclusionary rule should not apply to probation revocation hearings. See, e.g., United States v. Bazzano, 712 F.2d 826, 830 (3d Cir.1983). As the Massachusetts Supreme Court has written:
In Federal law and in most jurisdictions,[1] the exclusionary rule does not apply as a matter of course to probation revocation proceedings because the “application of the exclusionary rule is restricted to those areas where its remedial objectives are thought most efficaciously served.” The Supreme Court’s dictum in Wong Sun v. United States, 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963), to the effect that such evidence “shall not be used at all,” clearly does not apply to every kind of forum and proceeding under Federal law nor under the law of most States.
Commonwealth v. Olsen, 405 Mass. 491, 541 N.E.2d 1003, 1004 (1989) (additional citations omitted).
Given Scarlet’s application of the exclusionary rule to evidence seized in violation of the Fourth Amendment, I do not see how a different outcome could be reached if evidence is seized in violation of Miranda.

. In addition to United States v. Bazzano, 712 F.2d 826 (3d Cir.1983), the Massachusetts Supreme Court cites to cases that do not apply the exclusionary rule in probation revocation proceedings. See United States v. Winsett, 518 F.2d 51, 53-54 (9th Cir.1975); People v. Rafter, 41 Cal.App.3d 557, 116 Cal.Rptr. 281 (1974); Payne v. Robinson, 207 Conn. 565, 541 A.2d 504 (1988), abrogated on other grounds by Johnson v. Comm'r of Corr., 218 Conn. 403, 589 A.2d 1214 (1991); People v. Dowery, 62 Ill.2d 200, 340 N.E.2d 529 (1975); Dulin v. State, 169 Ind.App. 211, 346 N.E.2d 746 (1976); State v. Caron, 334 A.2d 495 (Me.1975); Chase v. State, 309 Md. 224, 522 A.2d 1348 (1987); State v. Thorsness, 165 Mont. 321, 528 P.2d 692 (1974).