CANADY, C.J.,
dissenting.
Because a proceeding to challenge the Florida Parole Commission’s determination of a presumptive parole release date (PPRD) is not a collateral criminal proceeding, I dissent.
The requirements of the Prisoner Indi-gency Statute apply generally to any “prisoner who is intervening in or initiating a judicial proceeding.” § 57.085(2), Fla. Stat. (2004). The only exceptions from the operation of the statutory requirements are for “a criminal proceeding or a collateral criminal proceeding.” § 57.085(10), Fla. Stat. (2004). As we have previously recognized, “collateral criminal proceedings” are proceedings “which contest a criminal conviction or sentence.” Geffken v. Strickler, 778 So.2d 975, 976 (Fla.2001). That is, they are proceedings which involve a collateral attack on the conviction or sentence entered in a criminal case.
A proceeding challenging a parole commission PPRD determination is not a “collateral criminal proceeding.” A challenge to a PPRD does not involve a collateral attack on a criminal conviction or sentence. An attack on a PPRD determination has nothing to do with the validity of the conviction or sentence. “A parole hearing is an administrative proceeding” and “it is not part of a criminal prosecution.” State v. Scarlet, 800 So.2d 220, 221 (Fla.2001) (quoting Scarlet v. State, 766 So.2d 1110, 1110-11 (Fla. 3d DCA 2000)).
*725 The majority here concludes, however, that because “challenges to the PPRD” are “analogous to collateral criminal proceedings” they “fall within the exception expressly set forth by the Legislature in section 57.085(10) for ‘collateral criminal proceedings.’ ” 48 So.3d at 723 (emphasis added). In reaching this conclusion, the majority relies on our decision in Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003), where we held that “a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because ... the inmate’s time in prison is directly affected.” (Emphasis added.)
But there is no justification for applying the unambiguous exception for “a collateral criminal proceeding” to a proceeding which is not “a collateral criminal proceeding” but which this Court determines to be “analogous” to such proceedings. Such an “extension by analogy” of a statutory provision “involves creative judicial lawmaking to produce consequences beyond what could reasonably be said to have been intended or communicated” by the statute. 2B Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 55:1 (7th ed.2008). This violates “the overarching principle that judges lack the power ‘to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications.’ ” Horowitz v. Plantation Gen. Hosp. Ltd. P’ship, 959 So.2d 176, 182 (Fla.2007) (emphasis removed) (quoting Holly v. Auld, 450 So.2d-217, 219 (Fla.1984)). Although “extension by analogy” is an important part of common law adjudication, it cannot properly be employed as a method of interpreting an unambiguous statutory text. The use of “extension by analogy” in such a context is inconsistent with the respect due to the limits set by the Legislature in the statutory text.
Moreover, legal challenges to PPRD determinations are not analogous to collateral criminal proceedings in the same way that the gain time proceedings at issue in Schmidt were analogous to collateral criminal proceedings. Contrary to the majority’s reliance on Schmidt, an attack on a PPRD determination does not challenge a decision by which “the inmate’s time in prison is directly affected.” Schmidt, 878 So.2d at 367. Under the statutory scheme governing parole, an inmate does not have an enforceable right to release based on the PPRD. See Fla. Parole & Prob. Comm’n v. Paige, 462 So.2d 817, 820 (Fla.1985) (“ ‘[T]he use of the terms “guidelines” and “presumptive parole release date” clearly conveys the message that the final parole decision will depend upon the commission’s finding that the prisoner meets the conditions provided in section 947.18.’ [May v. Fla. Parole & Prob. Comm’n, 435 So.2d 834, 837 (Fla.1983)].... On the record before us, we find no abuse of discretion by the Commission in declining at this time to set an effective parole release date.”); see also § 947.002(5), Fla. Stat. (2004) (“It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate’s sentence is an act of grace of the state and shall not be considered a right.”).
Here the majority thus pushes Schmidt’s expansion of the statutory exemption for collateral criminal proceedings even beyond the bounds contemplated by Schmidt. The majority’s extension of Schmidt’s reasoning to the context at issue here illustrates how far the trajectory of Schmidt’s reasoning veers away from the governing statutory text. I would return to the text of the statute adopted by the Legislature. Failing to do so results in “an abrogation of legislative power.” Holly, 450 So.2d at 219 (quoting Am. Bankers *726 Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)).
The rewriting of the unambiguous statutory exception in section 57.085(10) is not justified by the majority’s assertion that applying the requirements of the Prisoner Indigency Statute to Spaziano would “effectively result in an unlawful ‘chilling of a prisoner’s right to seek review of the Commission’s determination of his presumptive parole release date.” 48 So.3d at 723-24. If application of the plain terms of the statute results in a constitutional violation, the constitutionality of the statute should be squarely addressed. Vague assertions of constitutional problems — unaccompanied by any analysis — do not provide a basis for deciding this or any other case.
I therefore would quash the decision of the First District Court of Appeal and answer the rephrased certified question in the negative.