IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PHILLIP A. FORTUNE,

      Appellant,

v.

GULF COAST TREE CARE INC./
FLORIDA CITRUS BUSINESS
AND INDUSTRIES,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5580

Opinion filed October 13, 2014.

An appeal from an order of the Judge of Compensation Claims.
Ellen H. Lorenzen, Judge.

Date of Accident: May 19, 2011.

J. Craig Delesie, Jr., of Kadyk & Delesie, P.A., Riverview, for Appellant.

Hinda Klein and Thomas G. Regnier of Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A., Hollywood, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant argues that the Judge of

Compensation Claims (JCC) erred in denying his claim for reimbursement of

medical expenses, mileage, and co-payments incurred for treatment received

following his May 19, 2011, accident. We agree and reverse the JCC's denial of those reimbursements.

The relevant facts are not in dispute. Claimant suffered a dislocated shoulder after an assault by an angry bicyclist (a dentist), who rode up and punched Appellant as he was sitting in his vehicle preparing to enter a gated community to deliver an estimate to a customer. Claimant received emergency treatment the day of the accident at Brandon Regional Hospital, where his shoulder was placed back into proper alignment, and he was advised to seek follow-up care. Even though Claimant's supervisor was immediately notified of the incident, came to the scene of the incident, and followed Claimant to the hospital, a notice of injury was not completed at that time.

Thereafter, Claimant received follow-up care at a Veterans Administration facility beginning approximately eleven days after the incident and culminating in an attempted surgical repair about two months later. During this relevant time period, Claimant and the Employer maintained their working relationship.

The Carrier first received notice of the injury in September 2012, some sixteen months after the incident. Upon receiving notice of the accident, the Carrier denied compensability of the injuries.

Following a merits hearing, the JCC found Claimant was an employee of Gulf Coast Tree Care, Inc., and that he was in the course and scope of his employment at

2

the time of the accident.  The JCC required the Employer/Carrier (E/C) to reimburse the emergency treatment provided to Claimant on the date of the accident and also required the E/C to provide Claimant with future medical treatment.  The JCC denied, however, reimbursement for the follow-up treatment in the time period immediately following the accident.  The JCC did so because Claimant failed to request this medical care, or any medical care, from either the Employer or the Carrier.

When the facts are not in dispute, the application of law to those facts is reviewed de novo.  See Airey v. Wal-Mart, 24 So. 3d 1264, 1265 (Fla. 1st DCA 2009) (noting that when "[t]he pertinent facts are undisputed . . . the issue is one purely of law, subject to de novo review").  To the extent resolution of an issue requires statutory interpretation, review is de novo.  See Lombardi v. S. Wine & Spirits, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review).  In construing a statute, courts must first look to its plain language.  See Perez v. Rooms To Go, 997 So. 2d 511, 512 (Fla. 1st DCA 2008).  "A basic tenet of statutory interpretation is that a 'statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts.'"  Jones v. ETS of New Orleans, Inc., 793 So. 2d 912, 914-15 (Fla. 2001) (citing Acosta v. Richter, 671 So. 2d 149, 153-54 (Fla. 1996)). Here, the relevant section is 440.13(2)(c), Florida Statutes (2010):

3

> If the employer fails to provide initial treatment or care required by this section after request by the injured employee, the employee may obtain such initial treatment at the expense of the employer, if the initial treatment or care is compensable and medically necessary and is in accordance with established practice parameters and protocols of treatment as provided for in this chapter. There must be a specific request for the initial treatment or care, and the employer or carrier must be given a reasonable time period within which to provide the initial treatment or care. However, the employee is not entitled to recover any amount personally expended for the initial treatment or care unless he or she has requested the employer to furnish that initial treatment or service and the employer has failed, refused, or neglected to do so within a reasonable time **or** <u>unless the nature of the injury requires such initial treatment, nursing, and services and the employer or his or her superintendent or foreman, having knowledge of the injury, has neglected to provide the initial treatment or care</u>.

(Emphasis added.) The underlined portion of section 440.13(2)(c) is an exception to the general rule, detailed earlier in the subsection, and the rule relied upon by the JCC to deny reimbursement of the claimed expenses. There was no dispute that Claimant's supervisor was aware of Claimant's injury, that the injury required treatment including surgery, that Claimant was required to miss time from work, and that Claimant was required to limit his activities. The JCC erred by failing to give effect to the exception, where "the employer . . . neglected to provide the initial treatment or care."

In adjudicating this claim, the JCC also failed to recognize that the Employer did not notify the Carrier of the incident until September 2012, some sixteen months after it occurred. Had the Employer notified the Carrier in a timely fashion, as required by statute—"[w]ithin 7 days of actual knowledge of injury or death"

4

§ 440.185(2), Fla. Stat. (2010)—then all of the statutorily-mandated notices and information, including the statutorily-required informational brochure (see § 440.185(4), Fla. Stat. (2010)), would have been provided to Claimant.

When the E/C acts in accordance with its obligations under chapter 440, it has considerable control over the provision of medical care. It is only when the E/C fails to fulfill those obligations that it loses that control. See Parodi v. Fla. Contracting Co., 16 So. 3d 958, 961-62 (Fla. 1st DCA 2009) ("When an employer abandons its obligation to provide appropriate care, however, it likewise surrenders to the injured employee the right to select a physician and obtain treatment, provided the care is 'compensable and medically necessary.'" (quoting § 440.13(2)(c), Fla. Stat.)). Even though the E/C certainly had the right to deny compensability of the claim, doing so was at its peril. If the basis for the denial is rejected by the JCC, it has lost its right to control the past medical treatment.

Because the JCC failed to apply the plain language of the statute to the undisputed facts, the JCC erred in not awarding the requested benefits— reimbursement for follow-up treatment, reimbursement for mileage, and reimbursement for co-payments. Accordingly, this matter is REVERSED and REMANDED for entry of an order consistent with this opinion.

LEWIS, C.J., THOMAS and MARSTILLER, JJ., CONCUR.

5