# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1119
_____

KAIFA JAMAL GREEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

May 7, 2025

PER CURIAM.

Kaifa Jamal Green appeals the judgment and sentence entered after a jury found him guilty of both charges of failure to register his change of residence as required by subsections 943.0435(2) and (3), Florida Statutes (2022). He argues that his defense counsel rendered ineffective assistance that is obvious on the face of the appellate record and is thus cognizable on direct appeal. *See Lambert v. State*, 811 So. 2d 805, 807 (Fla. 2d DCA 2002). We affirm as explained below.

Before trial, the parties informed the court that the State had offered a sentence of 60 months in prison in exchange for Green's plea to the charges. Green told the court that this offer had been relayed to him by defense counsel and that Green rejected the

offer. Defense counsel explained to the court that under Green's Criminal Punishment Code sentence scoresheet, the minimum sentence available for the court to impose exceeded the statutory maximum of 60 months' incarceration.

On the morning of trial, defense counsel discussed Green's case status on the record including the State's offer to drop one of the charges if Green entered a plea to the other. But the CPC scoresheet, if amended by such a plea, would still require the court to sentence Green "in excess of 60 months" because of Green's previous record. Defense counsel confirmed, and Green stated he understood, that if he entered the plea, his scoresheet minimum sentence would be reduced from "ten-plus [years] that the scoresheet currently shows" by 20 to 24 months, for a sentence of "about eight years, between eight and nine years." Green stated on the record that he did not want to enter the plea and take the scoresheet sentence and that he wanted to go to trial.

After Green's rejection of this plea offer, defense counsel continued explaining to Green his sentence exposure and the statutory limits on the court's ability to enter a downward departure sentence. *See* § 921.0026, Fla. Stat. Defense counsel stated that if the court did not find a statutory mitigating factor, as listed in section 921.0026(2), the court was "not allowed" to depart from the guidelines range based on the court's opinion that the "scoresheet is out of control" or that the court didn't "think that this sentence is appropriate for this offense." Counsel reiterated that the sentence was controlled by the scoresheet even if the judge thought the minimum sentence was "way too high." Counsel concluded, "So if you are convicted today, I won't even be making an argument for leniency or a departure on you because the statutes don't allow it." Green stated that he understood his sentence exposure. Counsel then inquired of Green, "And, again, understanding all of that, are we going to trial?" Green responded "Yes."

Green then proceeded to trial on both charges. After the jury found him guilty of both counts and the court adjudicated Green guilty, the court sentenced Green ten years and five months' imprisonment, consistent with the CPC guidelines scoresheet. Green claims ineffective assistance of trial counsel as the sole

2

ground for reversal. Green acknowledges that to be considered on direct appeal, defense counsel's alleged misstatement of the law governing the court's ability to impose a downward departure sentence must amount to fundamental error. *See Steiger v. State*, 328 So. 3d 926, 930–31 (Fla. 2021).

Defense counsel's explanation on the record of Green's sentence exposure and the absence of any correction by the trial court did not amount to fundamental error. *See Ford v. State*, 350 So. 3d 109, 113 (Fla. 1st DCA 2022) (when reviewing claim of ineffective assistance of counsel as a claim of fundamental error, "we must consider whether counsel's alleged failure to object or otherwise act was so egregious that the trial court should have intervened without a prompting by an objection."). Defense counsel's statement that the court was not allowed to depart from the guidelines sentence on the ground that the court disagreed with the harshness of the lowest permissible sentence was correct. *See State v. Johnson*, 288 So. 3d 765, 768 (Fla. 2d DCA 2020). A court may enter a downward departure sentence for a reason not listed in section 921.0026(2), but such non-statutory mitigator must be "consistent with legislative sentencing policies." *State v. Bowman*, 123 So. 3d 107, 109 (Fla. 1st DCA 2012) (citation omitted). "A trial court may not ignore the criminal sentencing policy established by the legislature simply because that policy offends the trial court's sensibilities." *State v. Ayers,* 901 So. 2d 942, 946 (Fla. 2d DCA 2005).

Applying the stringent standard for fundamental error as prescribed under *Steiger* to this appellate record we find no error in the trial court's allowance of defense counsel's statement about sentencing without correction or clarification. Accordingly, Green's claim of ineffective assistance of defense counsel is not cognizable on this direct appeal. The judgment and sentence are AFFIRMED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.